IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

AlAMEZIE AND NGOZI OJIAKU,          )   CIVIL ACTION NO.: _____
C/O Ian Stumpf, Esq.                )
JR Howell & Associates              )
1325 G Street NW                    )
Suite 500                           )
Washington D.C. 20005               )
                                    )
        Plaintiffs,                 )
                                    )
vs.                                 )
                                    )
BAC HOME LOANS SERVICING LP,        )
F/K/A COUNTRYWIDE HOME LOANS        )
SERVICING LP                        )
C/O The Corporation Trust Inc.      )
351 West Camden Street              )
Baltimore, MD 21201                 )
                                    )
SOUTHERN TRUST MORTGAGE, LLC        )
Thomas F. Mcdonough                 )
Suite 600                           )
102 W. Pennsylvania Ave.            )
Towson, MD 21204                    )
                                    )
        Defendants.                 )   JURY DEMAND ENDORSED HEREON.

FILED

NOV 9 [illegible]

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGES COUNTY, MD.

## COMPLAINT – ACTION INVOLVING REAL PROPERTY

Four years ago, Plaintiffs Mr. and Mrs. Alamezie and Ngozi Ojiaku (pronounced oh-jee-ah-koo) sought financing for the construction of their primary residence. From the outset, the loan application process and settlement procedures were riddled with problems. Despite having been sold a subprime loan, the Ojiaku's managed to make successful payments until September 2009, at which point they fell behind. In April 2010, BAC Home Loans Servicing came to a written agreement with the Ojiaku's to modify their mortgage. Under this plan, their default was cured and they were set on a payment plan they could afford. They made their first payment under the modified plan in May and again in June. Subsequently, the Ojiaku's discovered that

while the modification negotiations were underway, their lender had begun the foreclosure process—and, despite the modification agreement, never stopped. Their home was set for sale in June, which the Ojiakus successfully opposed, notwithstanding the protestations and lack of cooperation from the lender's agents. The Ojiakus now seek relief from their lender and its agents under various consumer protection statutes and common law doctrines.

## THE PARTIES, JURISDICTION, AND VENUE

1. Mr. and Mrs. Alamezie and Ngozi Ojiaku are the Plaintiffs and homeowners in this action and residents of Prince George's County, Maryland.

2. Plaintiffs jointly own as tenants-by-entirety the property at 16609 Pleasant Colony Drive, Upper Marlboro, Maryland 20772.

3. Defendant Southern Trust Mortgage was the original lender through which Mr. and Mrs. Ojiaku financed their home mortgage. Southern Trust is organized under the laws of Virginia with its principal place of business in Virginia.

4. Defendant BAC Home Loans Servicing is a subsequent assignee of the Ojiakus' mortgage and currently owns and services the loan. BAC Home Loans Servicing is organized under the laws of Texas with its principal place of business in Texas.

5. Both Defendants transact business in this county.

## FACTUAL ALLEGATIONS

6. In 2006, Mr. Ojiaku obtained a mortgage secured by the property located at 16609 Pleasant Colony Drive, Upper Marlboro, Maryland 20772.

7. The loan originator for the transaction was Southern Trust Mortgage.

8. The loan was subsequently sold to Countrywide Home Loans Servicing, LP, which, upon information and belief, was purchased by BAC Home Loans Servicing LP.

9.  The Ojiakus originally came to Southern Trust Mortgage by way of referral from the builder of the property.

10. The representative of Southern Trust Mortgage provided the Ojiakus with an application for a "no document" loan.

11. The representative did not request a copy of the Ojiakus' tax returns.

12. The representative did not request a copy of Mr. Ojiaku's pay stubs.

13. The representative did not request a copy of Mrs. Ojiaku's pay stubs.

14. The representative did not verify Mr. Ojiaku's employment status.

15. The representative did not verify Mrs. Ojiaku's employment status.

16. The representative did not verify Mr. Ojiaku's ability to repay the loan under the original rate.

17. The representative did not verify Mrs. Ojiaku's ability to repay the loan under the original rate.

18. Nor did the representative verify Mr. Ojiaku's ability to repay the loan as it was set to adjust.

19. Nor did the representative verify Mrs. Ojiaku's ability to repay the loan as it was set to adjust.

20. After the Ojiakus prepared the loan application provided to by the representative of Southern Trust Mortgage, they submitted it via the mail to a Southern Trust Mortgage facility.

21. Subsequently, the Ojiakus were informed that they qualified for an option-ARM mortgage. This type of mortgage commences payments with low interest rates and grows over time with successively larger interest rates.

3

22. Based on this offer, Mr. and Mrs. Ojiaku proceeded to settlement and the construction of their home.

23. At closing, the promissory note, which BAC Home Loans currently services, was secured by the property.

24. This property is titled, as recorded in the Deed of Trust, to Mr. and Mrs. Ojiaku as tenants by the entirety.

25. Mrs. Ojiaku is listed as a co-borrower on the note to which BAC Home Loans Servicing is a subsequent assignee.

26. Mrs. Ojiaku's signature is absent from many of the mortgage documents.

27. In addition, Mrs. Ojiaku was never provided with numerous material disclosures.

28. The absence of Mrs. Ojiaku's signature on several of these disclosure statements is apparent on the face of the documents.

29. The failure to provide these disclosures concealed from Mrs. Ojiaku the true nature of the transaction.  The Ojiakus only became aware of this defect in June of 2010.

30. After Mr. Ojiaku consummated the transaction, the Ojiakus began making timely payments, in full to their loan servicers, whose identities changed over time.

31. But, by the fall of 2009, they began to lapse in making their mortgage payments.

32. Their last mortgage payment was received by BAC Home Loans Servicing on September 14, 2009.

33. This payment was applied to the billing period for that same month.

34. On February 2, 2010, the Ojiakus received from BAC Home Loans Servicing's Substitute Trustees a letter notifying them of their lender's intent to foreclose ("Notice of Intent to Foreclose").

35. By the time the Ojiakus received the Notice of Intent to Foreclose, they were 124 days past due on their mortgage payments and considered in default.

36. This letter notified the Ojiakus that they were in default as of October 2, 2009.

37. The Notice of Intent to Foreclose stated that the Ojiakus "may be eligible for certain workouts."

38. The notice provided a phone number where the Ojiakus could contact BAC Home Loans Servicing's loss mitigation department to determine the options available to them to prevent foreclosure.

39. The Ojiakus called this number to avail themselves of the relief advertised.

40. During this conversation, BAC Home Loans Servicing qualified the Ojiakus for a Loan Modification Agreement.

41. Pursuant to this oral qualification, BAC Home Loans Servicing sent an initial application to the Ojiakus in March 2010.

42. As a part of the initial application, the Ojiakus submitted bank statements for January, February, and March.

43. In response to the Ojiakus' application, BAC Home Loans Servicing returned a written Agreement dated March 31, 2010 (the "Agreement").

44. Part of the Agreement stated: "You are eligible for our Homeownership Retention Program which provides a variety of options to help, including: Interest-rate deduction, Elimination of the negative amortization feature on your loan . . ., Interest-only payments for a ten (10) year period, Assistance with past due amounts."

45. The Agreement explained that the Ojiakus' new monthly payment is $2,788.96.

46. This new payment would be due in May, 2010.

47. The Ojiakus made this payment, which BAC Home Loans Servicing accepted.

48. The Agreement also stated that by signing, *"the enclosed modification will resolve your past due amount* and authorize us to add the unpaid amount through March 31, 2010 to the principal balance of your loan" (emphasis added).

49. The Agreement came with one contingency: that the Ojiakus' verify the income stated in their initial application.

50. The means of verification consisted of the following: "copies of two recent (within the past 60 days) paystubs for each income earner, and/or copies of your past three bank statements if: You are self-employed, or if you have any other sources of government, retirement or disability benefits, child support or alimony payments, rental or boarder income, etc."

51. The Agreement stated explicitly that the modification would not take effect if BAC Home Loans Servicing was unable to verify the Ojiakus' income.

52. Mr. Ojiaku signed the Agreement on April 20, 2010, as witnessed by a notary.

53. Along with the signed Agreement, Mr. Ojiaku submitted income verification in the form of the requisite pay stubs.

54. Because the application and Agreement were made in the same month, Mr. Ojiaku provided the same paystubs in support of the Agreement as he did for the application.

55. On the same date that BAC Home Loans Servicing submitted to the Ojiakus its offer for a loan modification, it also continued with the threatened foreclosure proceedings warned of the February letter mentioned in Paragraph 34.

56. On March 31, 2010, BAC Home Loans Servicing appointed Mr. Fiegelson and Mr. Margolis as Substitute Trustees for the foreclosure of the property in question.

57. On April 22, 2010, the Substitute Trustees submitted to the Clerk of the Circuit Court for Prince George's County an Order to Docket several documents to formally proceed with the foreclosure of the Ojiakus' home.

58. Among these documents were affidavits submitted by BAC Home Loans Servicing representatives dated April 14, April 15, and April 20, 2010.

59. Prior to the institution of the foreclosure proceedings, BAC Home Loans Servicing had not written to the Ojiakus to notify them that it had rejected their acceptance of the loan modification Agreement.

60. Nor had BAC Home Loans Servicing notified the Ojiakus that they failed to meet the one condition upon which the offer was contingent.

61. However, BAC Home Loans Servicing did accept payment from the Ojiakus under the terms of the loan modification.

62. Meanwhile, beginning on the week of May 25, 2010, the Substitute Trustees started publishing in The Washington Post the foreclosure sale that was set for June 10, 2010.

63. The Ojiakus filed with the Prince George's County Circuit Court a Motion to Stay and Dismiss the Foreclosure Action, along with a Motion for a Temporary Restraining Order and Preliminary Injunction on the grounds that the foreclosure action could not proceed because the loan modification agreement absolved the debt giving rise to the foreclosure. The motion reasoned that, as a debt in default is a pre-requisite to a foreclosure sale, the sale could not proceed.

64. In response, the Substitute Trustees post-poned the sale for one month.

65. The Circuit Court delayed ruling on the Motion to Stay and Dismiss and denied, as moot, the Motion for a Temporary Restraining Order and Preliminary Injunction.

66. A month later, the Substitute Trustees canceled the contemplated foreclosure sale and post-poned the sale until further notice.

67. Then, in July 2010, BAC Home Loans Servicing sent to the Ojiakus a letter stating that it was denying them the modification for which they had applied.

68. The reason for the denial was that the Ojiakus' income that was stated in support of their application was different than what was stated in support of the Agreement.

69. This denial is not made in good faith as the application and agreement were submitted in the same month and contained the same evidence for income verification.

## COUNT I (BREACH OF CONTRACT)

70. The facts made above in paragraphs 1 through 69 are hereby realleged as though fully set out and incorporated by reference herein.

71. Defendant BAC Home Loans Servicing created a binding agreement with the April 2010 loan modification.

72. Defendant BAC Home Loans Servicing unilaterally cancelled this Agreement.

73. Defendant BAC Home Loans Servicing assessed fees, charges, penalties, and payments in violation of the parties' Agreement.

74. Defendant BAC Home Loans Servicing accelerated Plaintiffs' payment in violation of the Agreement.

75. Defendant BAC Home Loans Servicing continued with foreclosure proceedings despite having an Agreement that absolved Plaintiffs' outstanding debt.

76. As a direct and/or proximate result of Defendant's breaches, Plaintiffs have suffered direct and consequential damages.

## COUNT II (GROSS NEGLIGENCE)

77. The facts made above in paragraphs 1 through 76 are hereby realleged as though fully set out and incorporated by reference herein.

78. BAC Home Loans Servicing is an assignee under the Deed of Trust and/or Promissory Note.

79. In carrying out the obligations under the Deed of Trust and the Promissory Note, Defendant BAC Home Loans Servicing owed Plaintiffs a duty to act in good faith and fair dealing, which Defendant breached.

80. Under the Agreement and/or under the original Promissory Note, as unmodified, Defendant BAC Home Loans Servicing owed the following duties to Plaintiffs, which Defendant breached:

    a. A duty not to institute foreclosure proceedings against Plaintiffs while a loan modification agreement was in place;

    b. A duty to halt foreclosure proceedings while the Agreement was in effect.

81. As a direct and/or proximate result of Defendants' breaches, Plaintiffs have suffered actual and other damages.

## COUNT III (INTENTIONAL VIOLATION OF THE DUTY OF GOOD FAITH)

82. The facts made above in paragraphs 1 through 81 are hereby realleged as though fully set out and incorporated by reference herein.

83. Defendant BAC Home Loans Servicing had obligations to carry out its duties under the Deed of Trust and/or Promissory Note in good faith and to deal fairly with Plaintiffs.

84. Defendant BAC Home Loans Servicing's conduct in instituting and/or continuing with the foreclosure proceedings explained above was in bad faith.

9

85. Defendant BAC Home Loans Servicing's conduct in negotiating with Plaintiffs to modify their mortgage was in bad faith.

86. Defendant BAC Home Loans Servicing's improper conduct was carried out for its own pecuniary gain.

87. As a direct, proximate, and foreseeable result of Defendant BAC Home Loans Servicing's actions, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNTS IV, V, VI, VII (FRAUD, FRAUDULENT CONCEALMENT, FRAUDULENT MISREPRESENTATION, NEGLIGENT MISREPRESENTATION)

88. The facts made above in paragraphs 1 through 87 are hereby realleged as though fully set out and incorporated by reference herein.

89. During the 2006 loan application, Defendant Southern Trust Mortgage misrepresented to the Ojiakus:

    a. Their ability to repay the loan;

    b. Their qualifications for the loan amount;

    c. That making the minimum payments on the loan would actually lead to paying off the loan over 30 years when, in fact, making the minimum payments would only cause the loan to increase and extend the repayment period; and

    d. That the loan itself was an interest only loan.

90. Defendant Southern Trust Mortgage made these misrepresentations knowing they were false, with the purpose of inducing the Ojiakus to obtain credit from Southern Trust Mortgage.

91. Defendant Southern Trust Mortgage had an obligation to disclose the truth.

92. The Ojiakus relied on these misrepresentations by not finding cheaper credit elsewhere or by requesting cheaper credit from the same lender.

93. These misrepresentations denied the Ojiakus the opportunity to find cheaper credit and/or a non-predatory loan. As a result, they have been injured in that they paid more for the credit they were defrauded into obtaining.

94. These misrepresentations were a proximate cause of their current financial distress and subsequent harms done by BAC Home Loans Servicing.

## COUNT VIII (UNFAIR OR DECEPTIVE TRADE PRACTICES AND OTHER VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT)

95. The facts made above in paragraphs 1 through 69 are hereby realleged as though fully set out and incorporated by reference herein.

96. The conduct, omissions, and/or misrepresentations of Defendant BAC Home Loans Servicing in the 2010 loan modification constitute unfair or deceptive trade practices and violate the Maryland Consumer Protection Act.

97. Reference is hereby made explicitly to the acts complained of in Counts I through III.

98. Plaintiffs are within the class of persons this statute was designed to protect.

99. As a direct, proximate, and foreseeable result of Defendant BAC Home Loans Servicing's actions, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT IX (UNFAIR TRADE PRACTICES INVOLVING NON-COMPLIANCE, 15 USC SECTIONS 1601, ET. SEQ.)

100. The facts made above in paragraphs 1 through 99 are hereby realleged as though fully set out and incorporated by reference herein.

101. The loan documents detailing payment rates and/or plan details were never given to Mrs. Ojiaku by either Defendants BAC Home Loans Servicing and/or Southern Trust Mortgage.

102. The above-mentioned constitutes a false representation of the agreement, secured by Plaintiffs' primary residence.

103. As a direct, proximate, and foreseeable result of Defendant BAC Home Loans Servicing's actions, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT X (MISSING STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1635, ET. SEQ.)

104. The facts made above in paragraphs 1 through 103 are hereby realleged as though fully set out and incorporated by reference herein.

105. The two statements under 15 USC 1639(a)(1)(A) and (B) required to be provided to Mrs. Ojiaku are completely missing from disclosures to be provided by Southern Trust Mortgage and/or BAC Home Loans Servicing.

106. Defendant BAC Home Loans Servicing also failed and /or refused to meet the disclosure requirements of Section 1635, by not providing the notice/disclosure as required under this statute.

107. Plaintiffs are specifically in the class of persons this statute was designed to protect.

108. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XI (MISSING DISCLOSURE STATEMENTS VIOLATION, PURSUANT TO 15 U.S.C. SECTION 1638, ET. SEQ.)

109. The facts made above in paragraphs 1 through 108 are hereby realleged as though fully set out and incorporated by reference herein.

110. The required disclosure statements are completely missing under 15 USC 1638(a)(2)(B) (a)(9), (a)(11) and (a)(12) and Regulation Z, Part 226.17 et seq.

111. Defendant BAC Home Loans Servicing failed and /or refused to meet the disclosure requirements of Section 1638, by not providing the disclosure as required under this statute.

112. Plaintiffs are specifically in the class of persons this statute was designed to protect.

113. As a direct, proximate, and foreseeable result of Defendant BAC Home Loans Servicing's failure to provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XII (RIGHT TO CANCEL VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

114. The facts made above in paragraphs 1 through 113 are hereby realleged as though fully set out and incorporated by reference herein.

115. There was no separate form to cancel, as required by Title 12 Code of Federal Regulation, Section 226 et seq.

116. Plaintiffs are specifically in the class of persons this statute was designed to protect.

117. As a direct, proximate, and foreseeable result of Defendants BAC Home Loans Servicing's and Southern Trust Mortgage's failure to provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XIII (DECEPTIVE GROUPING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

118. The facts made above in paragraphs 1 through 117 are hereby realleged as though fully set out and incorporated by reference herein.

119. The interest disclosures were not given from Defendants Southern Trust Mortgage or BAC Home Loans Servicing together with other information within the documents per the 2006 mortgage transaction.

120. Plaintiffs are specifically in the class of persons this statute was designed to protect.

121. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XIV (NO GOOD FAITH ESTIMATE VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

122. The facts made above in paragraphs 1 through 121 are hereby realleged as though fully set out and incorporated by reference herein.

123. No good faith estimate copy was received by Mrs. Ojiaku, as required by 12 Code of Federal Regulation, Section 226.18(c) and 12 USC 2601 et seq.

124. Defendant Southern Trust Mortgage deceived Plaintiff with the concealment of the good faith estimates.

125. It was apparent to BAC Home Loans Servicing from the face of these documents that Mrs. Ojiaku had never received them.

126. Plaintiff is specifically in the class of persons this statute was designed to protect.

127. As a direct, proximate, and foreseeable result of Defendants' failures to provide proper notice/disclosure, Plaintiffs are subject to loss of property and loss of use of property and

other damages.

## COUNT XV (CONSUMER STATEMENT MISSING VIOLATIONS, PURSUANT TO TITLE 12 CODE OF FEDERAL REGULATIONS SECTION 226, ET. SEQ.)

128. The facts made above in paragraphs 1 through 127 are hereby realleged as though fully set out and incorporated by reference herein.

129. A statement that the consumer should refer to the appropriate contract document and clause for information about nonpayment, default, the right to accelerate was not given by Defendant BAC Home Loans Servicing, as required by Title 12 Code of Federal Regulation, Section 226.18(p).

130. Plaintiffs are specifically in the class of persons this statute was designed to protect.

131. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice/disclosure, defendant is subject to loss of property and loss of use of property and other damages.

## COUNT XVI (DISCLOSURE VIOLATIONS, PURSUANT TO TITLE 15 U.S.C. SECTION 1601, ET. SEQ. AND REGULATION Z)

132. The facts made above in paragraphs 1 through 131 are hereby realleged as though fully set out and incorporated by reference herein.

133. Since this action was commenced, Defendant BAC Home Loans Servicing has continued and so continues to violate the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226, which was adopted pursuant to such Act, by failing to properly make the disclosures required by the Act and Regulation Z, as set forth herein.

134. Plaintiffs are specifically in the class of persons this statute was designed to protect.

135. As a direct, proximate, and foreseeable result of Defendant BAC Home Loans

Servicing's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XVII (FAILURE TO DISCLOSE CALCULATION OF MORTGAGE BALANCE, PURSUANT TO TITLE 12 CFR SECTION 226.4, ET. SEQ.)

136. The facts made above in paragraphs 1 through 135 are hereby realleged as though fully set out and incorporated by reference herein.

137. Defendant BAC Home Loans Servicing failed to disclose in or with the disclosure statements, because no disclosure statements were given, the amount of the balance to which the rate was applied and an explanation of how that balance was determined and further failed to disclose the fact that the balance is determined without first deducting all credits and payments made and payments as required by Title 12 Code of Federal Regulations, Section 226.4 et seq.

138. Plaintiffs are specifically in the class of persons this statute was designed to protect.

139. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XVIII (FAILURE TO DISCLOSE ITEMIZATION OF CHARGES, PURSUANT TO TITLE 12 USC 2610 ET SEQ.)

140. The facts made above in paragraphs 1 through 139 are hereby realleged as though fully set out and incorporated by reference herein.

141. Defendant BAC Home Loans Servicing failed to disclose the amounts, itemized and identified by type, of charges other than finance charges debited to the account during the acceleration period as required by Title 12 Code of Federal Regulations, Section 226.21.

16

142. Plaintiffs are specifically in the class of persons this statute was designed to protect.

143. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XIX (INFLATION OF ACCELERATION FEES, IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ.)

144. The facts made above in paragraphs 1 through 143 are hereby realleged as though fully set out and incorporated by reference herein.

145. Defendant BAC Home Loans Servicing has inflated the acceleration fees without operation of law, which amounts to usurious interest, in violation of Banking Law at 12 USC 2610 et seq.

146. Plaintiffs are specifically in the class of persons this statute was designed to protect.

147. As a direct, proximate, and foreseeable result of Defendant's unlawful inflation, Plaintiffs are subject to loss of property and loss of use of property and other damages as a result of Defendant's failure.

## COUNT XX (FAILURE TO DISCLOSE DATE, IN VIOLATION OF TITLE 12 USC SECTION 2610, ET. SEQ.)

148. The facts made above in paragraphs 1 through 147 are hereby realleged as though fully set out and incorporated by reference herein.

149. Defendant BAC Home Loans Servicing failed to disclose the date by which or the time period within which the balance or any portion of the balance must be paid to avoid additional finance charges as required by Title 12 Code of Federal Regulations, Section 226.18(p).

150. Plaintiffs are specifically in the class of persons this statute was designed to protect.

151. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XXI (FAILURE TO PROVIDE COPIES OF MORTGAGE, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ.)

152. The facts made above in paragraphs 1 through 151 are hereby realleged as though fully set out and incorporated by reference herein.

153. Defendants Southern Trust Mortgage and BAC Home Loans Servicing failed to give to Plaintiffs signed copies of the complete mortgage as required by 15 USC 1601 et seq. within a reasonable amount of time.

154. Plaintiffs are specifically in the class of persons this statute was designed to protect.

155. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XXII (FAILURE TO OBTAIN SIGNED LOAN DOCUMENTS, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND TITLE 12, REGULATION Z, PART 226 ET. SEQ.)

156. The facts made above in paragraphs 1 through 155 are hereby realleged as though fully set out and incorporated by reference herein.

157. Defendants Southern Trust Mortgage and BAC Home Loans Servicing failed to give the required statements in various loan documents and have them signed by Plaintiffs, as required by 15 USC 1601 et seq. and Title 12, Regulation Z, Part 226 et seq.

158. Plaintiffs are specifically in the class of persons this statute was designed to protect.

159. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other

damages.

## COUNT XXIII (FAILURE TO DISCLOSE HIGHER INTERST RATE, IN VIOLATION OF 12 USC SECTION 2601, ET. SEQ.)

160. The facts made above in paragraphs 1 through 159 are hereby realleged as though fully set out and incorporated by reference herein.

161. Defendants BAC Home Loans Servicing and Southern Trust Mortgage failed to disclose to Plaintiffs that the loans obtained had an interest rate higher than the rate reflected in the Preliminary Disclosures as required by 12 USC 2601 et seq.

162. Plaintiffs are specifically in the class of persons this statute was designed to protect.

163. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice, Defendant is subject to loss of property and loss of use of property and other damages as a result of Defendants failure.

## COUNT XXIV (FAILURE TO DISCLOSE LOAN ORIGINATION FEE, IN VIOLATION OF 12 USC SECTION 2601, ET. SEQ.)

164. The facts made above in paragraphs 1 through 163 are hereby realleged as though fully set out and incorporated by reference herein.

165. Defendants Southern Trust Mortgage and BAC Home Loans Servicing failed to disclose to Plaintiffs that the loan obtained required loan origination fees.

166. Plaintiffs are specifically in the class of persons this statute was designed to protect.

167. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice, Plaintiffs are subject to loss of property, loss of use of property and other damages.

## COUNT XXV (FAILURE TO GIVE 3 DAY COOLING PERIOD, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND REGULATION Z)

168. The facts made above in paragraphs 1 through 167 are hereby realleged as though fully

set out and incorporated by reference herein.

169. Defendant Southern Trust Mortgage failed to give Plaintiffs the required 3 day cooling off period, as required by Regulation Z and 15 USC 1601 et seq.

170. Defendant's deceptive conduct prevented Plaintiffs from learning of their right to rescind.

171. Plaintiffs are specifically in the class of persons this statute was designed to protect.

172. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper disclosure, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## COUNT XXVI (FAILURE TO GIVE CONSPICUOUS WRITINGS, IN VIOLATION OF 15 USC SECTION 1601, ET. SEQ. AND TITLE 12 CODE OF FEDERAL REGULATIONS, SECTION 226.18)

173. The facts made above in paragraphs 1 through 172 are hereby realleged as though fully set out and incorporated by reference herein.

174. By reason of the foregoing, Defendants BAC Home Loans Servicing and Southern Trust Mortgage have failed to make the disclosures required by 15 USC 1601 et seq. and Title 12 Code of Federal Regulations, Section 226.18, clearly and conspicuously in writing, in a form that Plaintiffs could keep as required by 15 USC 1601 et seq. and Title 12, Code of Federal Regulations, Section 226.18.

175. As a proximate result of the foregoing, the Plaintiffs herein have the right to damages for the 2006 transaction.

176. Plaintiffs are specifically in the class of persons this statute was designed to protect.

177. As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other

damages.

## COUNT XXVII (FAILURE TO DISCLOSE INTEREST RATE PURSUANT TO REGULATION Z, PART 226.4)

178. The facts made above in paragraphs 1 through 177 are hereby realleged as though fully set out and incorporated by reference herein.

179. Defendants Southern Trust Mortgage and BAC Home Loans Servicing failed to disclose beginning interest rates and the adjustable rate rider.

180. Plaintiffs are specifically in the class of persons this statute was designed to protect.

181. As a direct, proximate, and foreseeable result of Defendant's failure to provide proper notice, Plaintiffs are subject to loss of property and loss of use of property and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants for the following relief:

A.     As a result of Defendants' violations of the Truth in Lending, Defendants are liable to

Plaintiffs in an amount up to $4000.00 for each and every violation, for attorney fees, court costs,

and litigation expenses;

B.     Damages for the Unfair and Deceptive Acts and Practices for each and every violation;

C.     Compensation to Plaintiffs for Defendants' Gross Negligence, violations of the Duty of

Good Faith and Fair Dealing, Fraud, Fraudulent Concealment, Fraudulent Misrepresentation,

Negligent Misrepresentation, including punitive damages, attorney fees, court costs, and

litigation expenses;

D.     Rescission of the 2006 transaction; and

E.     Compensation to Plaintiffs for punitive damages, treble damages as allowed, litigation

expenses, court costs, attorney fees, and such other relief as this Court may deem appropriate.

Respectfully submitted,

Ian Stumpf
JR Howell & Associates
1325 G Street NW
Suite 500
Washington D.C. 20005
P: 202.552.7386
F: 202.552.7387
E: istumpf@jrhlegalstrategies.com
*Attorney for Plaintiffs*

## **JURY DEMAND**

Plaintiffs request a trial by jury with respect to all matters and issues properly triable by a

jury.

DATED: 11/5/10

Respectfully submitted,

Ian Stumpf
JR Howell & Associates LLP
1325 G Street NW
Suite 500
Washington D.C. 20005
P: 202.552.7386
F: 202.552.7387
E: istumpf@jrhlegalstrategies.com
*Attorney for Plaintiffs*

23

